UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNSON CHRISTOPHER JAMERSON,

    Petitioner,

v.                                                          Case No. 3:20cv3769-MCR-HTC

MARK S. INCH, SECRETARY OF
 FLORIDA DEPARTMENT OF CORRECTIONS

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, JOHNSON CHRISTOPHER JAMERSON, proceeding *pro se* and *in forma pauperis*, filed a petition under 28 U.S.C. § 2254, ECF Doc. 1, challenging his conviction for a disciplinary infraction and loss of one hundred (100) days of gain time while an inmate at Santa Rosa Correctional Institution. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After considering the petition, the State's response (ECF Doc. 9), and Petitioner's reply (ECF Doc. 11), the undersigned recommends the petition be DENIED without an evidentiary hearing.

I.     BACKGROUND

On January 26, 2019, Petitioner was charged in Disciplinary Report ("DR") # 119-190130 with battery or attempted battery of a corrections officer, in violation of Fla. Admin. Code Rule 33-601.314 § 1-15.[1]  Specifically, Petitioner was found guilty of attempting to bite Sergeant C. Pugh and Sergeant Josh Unruh on the hand during a forced cell extraction.  ECF Doc. 9-2 at 15.

A disciplinary investigation began the same day, ECF Doc. 9-2 at 17, and Petitioner was given notice of the charges on January 30, 2019 at 12:03 p.m.  *Id.* at 15.  Seven (7) witness statements were taken, including those of the complainant, Sergeant Unruh, and Petitioner.  *Id.* at 17-24.  Sergeant Unruh's witness statement provides as follows:

> On January 26, 2019, I was assigned to Santa Rosa Correctional Institution Main Unit A-Shift as the E-Dormitory close management housing supervisor.  At approximately 11:40AM I was present in G-Dormitory due to a forced cell extraction on Inmate Jamerson . . . housed alone in [his cell.]  During the forced cell extraction Inmate Jamerson attempted to bite Sergeant C. Push and myself in the hand. Physical force was utilized to overcome Inmate Jamerson's combative behavior.  The assistant shift supervisor was present during this incident and authorized this report.

*Id.* at 15.  Sergeant Unruh confirmed during his interview the statements he made were "true and accurate as written."  ECF Doc. 9-2 at 17.

---

[1] At the beginning of page 2 of the Secretary's response, he identifies the DR as being for "Battery or Attempted Battery on an Inmate," in violation of Rule 33-601.314 (1-18).  ECF Doc. 9 at 2. This is incorrect, and a correct description of the DR is found under the Statements of State Proceedings part of page 2.

Petitioner gave the following written witness statement:

> There is absolutely "NO" evidence of anything. All is a lie to further their goal to punish me, their "fuck boy" that they screamed on audio just minutes before spraying me with gas. There is no "ACT" that they can show to prove that I tried to do anything. Everything is word of mouth with nothing to support it physically.

*Id.* at 18.

Five inmates were asked to give statements; two refused and three provided statements. *Id.* at 21-25. The first stated "I didn't see any Batt"; the second had "Refused" written in the statement portion; the third stated that Petitioner "refuses to cuff up they gas him and call the restriction team to get him out of the room" but then provides no other details of the extraction; the fourth put simply "Can't see"; and the fifth also had "Refused" in the statement section. Sergeant Pugh wrote in his witness statement, "I was present during this incident as a member of the extraction team. The statement of facts is true and accurate as written." *Id.* at 25.

In the "Inmate Evidence" section of the investigative report, Petitioner states the digital and audio evidence will show "me screaming for help as the officers bang my head against the concrete and inflict bruises to my kidneys. I can't attempt to bite anyone while screaming. It also won't support their allegations." ECF Doc. 26.

A hearing was held on February 5, 2019[2], in which Petitioner was offered staff assistance but declined. *Id.* at 15. During the hearing, Petitioner was present and given the chance to offer additional evidence and witnesses but had none. *Id.* The hearing committee found Petitioner guilty of attempted battery on a correctional officer and stated, in a written "Basis for Decision," the finding of guilt was "[b]ased in part upon the written statement of Sergeant J. Unruh and the completed investigation" and "[a]ll of the witness statements were read aloud, reviewed and considered." *Id.* at 15-16. The written basis of decision also stated Petitioner was given a written copy of the findings and notified of his rights to, and methods of, appeal. *Id.* at 16.

On February 6, 2019, Petitioner filed a grievance to the assistant warden challenging the finding of guilt. ECF Doc. 9-2 at 28. Petitioner raised the same argument he raises here, that the FDOC cannot find him guilty of attempted battery on a correctional officer because the Florida Supreme Court, in *Merritt v. State*, 712 So.2d 384 (Fla. 1998), determined attempted battery on a law enforcement officer was a non-existent offense. *Id.* at 28. The assistant warden denied relief, *id.* at 30, and Petitioner grieved the issue to the Secretary of the FDOC on February 28, 2019. ECF Doc. 9-2 at 31. The Secretary denied the appeal on March 13, 2019. *Id.* at 32.

---

[2] In the Respondent's answer, he identifies the hearing date as February 2, 2019. ECF Doc. 9 at 3. According to the exhibits attached to the answer, however, the hearing date was February 5, 2019. ECF Doc. 9-2 at 15.

Having exhausted his FDOC remedies,³ Petitioner turned to the Florida courts. On March 20, 2019 Petitioner delivered to prison mail officials a Petition for Writ of Mandamus to be filed in the circuit court for Leon County. *See* Case No.: 2010-CA-741. He argued the FDOC lacked the rulemaking authority to penalize attempted battery on a correctional officer because the Florida Supreme Court (Petitioner did not mention the *Merritt* decision by name) had found it was a "non-existent offense" under Florida Statute § 784.07. ECF Doc. 9-1 at 3.

Respondent was directed to respond to the mandamus petition and did so on June 28, 2019. ECF Doc. 9-2 at 1. Respondent argued Petitioner received adequate process during his disciplinary investigation and hearing and that sufficient evidence supported the finding of guilt. *Id.* at 6-10. As to Petitioner's claim that the FDOC did not have authority to convict him of attempted battery of a correctional officer, the Respondent argued the circuit court was without jurisdiction to hear such a claim because (1) Petitioner's challenge to the validity of a FDOC rule had to be brought by a declaratory judgment action (Fla. Stat. § 86.021); (2) Petitioner did not properly plead and serve the case as a declaratory judgment action, which is required for the Court to have jurisdiction; and (2) regardless, Petitioner must first exhaust

---

³ Respondent admits "Petitioner subsequently utilized the administrative grievance process with regard to challenges to the validity of the rule which he had been charged with violating" and does not expressly challenge whether Petitioner exhausted FDOC administrative remedies. ECF Doc. 9 at 3.

administrative remedies by petitioning the FDOC under Fla. Stat. § 120.54(7) to initiate a rule change. *Id.* at 12-13.

On July 16, 2019, agreeing with the Respondent, the circuit judge dismissed the petition for lack of jurisdiction to the extent Petitioner challenged the FDOC's rulemaking authority. ECF Doc. 9-4 at 2. The circuit court also determined that Petitioner received sufficient due process with regard to the DR under *Wolff v. McDonnell*, 418 U.S. 594 (1974) and that the finding of guilt was based on sufficient evidence. *Id.* at 2-3.

Petitioner appealed the decision to the First District Court of Appeal ("First DCA"), and the First DCA affirmed per curiam and without written opinion on December 18, 2019. *See* Case No.: 1D19-2705; ECF Doc. 9-5 at 2. The mandate was issued on February 20, 2020. *Id.* at 1.

Petitioner filed the instant federal petition by delivering it to mail officials at Santa Rosa CI a mere six (6) days later, on February 26, 2020, so there is no question that the petition was timely filed. *See* 28 U.S.C. § 2244(d)(1).

**II.   DISCUSSION**

As an initial matter, although Respondent argues in the answer that Petitioner was provided adequate due process and that there was evidence to support Petitioner's guilt, these issues are not in dispute.[4] Notably, nowhere in his petition

---

[4] Petitioner's answer here mirrors Petitioner's response to the show-cause order filed in state court.

does Jamerson claim the procedure he was given was insufficient under *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974), or that the evidence was not sufficient to support a finding of guilt.[5]

Instead, Petitioner brings two (2) grounds for relief: (1) he was denied due process and equal protection of the law by being found guilty in a disciplinary proceeding of an offense that, by law, does not exist; and (2) he was denied mandamus relief and thus denied due process and equal protection of the law because the Respondent did not rebut the merits of the state petition. ECF Doc. 1.

As stated above, although Petitioner raised ground one in the mandamus petition, the circuit court did not address it on the merits, and the First DCA did not issue a written opinion when it affirmed the dismissal. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). For the reasons which follow, the undersigned finds Petitioner has failed to show the lack of a reasonable basis for

---

[5] Regardless, the undersigned agrees with the Secretary that the procedures, as set out above, were sufficient because Jamerson received (1) written notice of the charges against him, provided at least 24 hours before the proceeding; (2) an opportunity to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder as to the evidence relied upon and the reasons for the disciplinary action. Also, "some evidence" supported the finding of guilt. *Id.* at 564-66; *Smith v. Sec'y, Fla. Dep't of Corr.*, 432 F. App'x 843, 845 (11th Cir. 2011).

the state courts' denial of relief. Thus, Petitioner is not entitled to habeas relief on either of the two grounds raised.

### A. Ground One: Petitioner's Claim He Was Found Guilty of a Non-Existent Offense

Ground One of the petition is the same argument Petitioner made to the state courts – that is, the FDOC has no authority to issue him a DR based on an FDOC Rule,[6] for a crime that the Florida Supreme Court has held does not exist. Specifically, Petitioner relies on the Florida Supreme Court's holding in *Merritt v. State*, 712 So.2d 384, 385 (Fla.1998).

In *Merritt v. State*, 712 So.2d 384 (Fla.1998), the Court held that Florida Statute § 784.07[7] is an "enhancement statute rather than a statute creating and defining any criminal offense," that it was enacted to increase penalties for certain offenses when committed against law enforcement officers, but that it does not apply to the attempted commission of those same offenses. *Id.* at 385. Thus, according to the Court, the "attempted assault and attempted battery as well as attempted

---

[6] As stated above, the DR was based on Petitioner's violation of Rule 1-15 of Florida Administrative Code Section 33-601.314, which sets out the "Rules of Prohibited Conduct and Penalties for Infractions". Fla. Admin. Code r. 33-601.314 § 1-15. Rule 1-15 prohibits "Battery or attempted battery on a correctional officer" and authorizes a punishment of up to sixty (60) days in disciplinary confinement and maximum loss of all the inmate's gain time. *Id.*

[7] Florida Statutes Section 784.07, in effect on January 26, 2019 (and today), provides as follows: (2) "Whenever any person is charged with knowingly committing an assault or battery upon a law enforcement officer . . . the offense for which the person is charged shall be reclassified as follows: . . . (b) In the case of battery, from a misdemeanor of the first degree to a felony of the third degree." Fla. Stat. § 784.07. The statute also defines "Law enforcement officer" to include correctional officers. Fla. Stat. § 784.07(1)(d).

Case No. 3:20cv3769-MCR-HTC

aggravated assault and battery of a law enforcement officer are nonexistent offenses." *Id.*

The problem with Petitioner's reliance on *Merritt*, however, is twofold. First, in 2017, the Florida Supreme Court expressly retreated from *Merritt* in its decision in *Ramroop v. State*, 214 So. 3d 657 (Fla. 2017). In that case, the Court stated:

> We acknowledge that, in *Merritt*, we stated that section 784.07, Florida Statutes (1995) . . . "is an enhancement statute rather than a statute creating and defining any criminal offense." 712 So.2d 384, 385 (Fla. 1998). However, that statement directly contradicts our subsequent opinion in *Darst*. Because our statement in *Merritt* was made before the United States Supreme Court opinion in *Apprendi* and our decision in *Darst*, we conclude that the statement was erroneous.

*Id.* at 663. Notably, in *Darst,* the Florida Supreme Court held that section 784.07 "is a reclassification statute, not an enhancement statute, and thus creates a substantive crime." *See State v. Darst*, 837 So. 2d 394, 395 (Fla. 2002).

Second, regardless of *Merritt*, it is irrelevant whether attempted battery on a law enforcement officer is a recognized criminal offense because the FDOC's ability to punish inmates for certain conduct is not dependent on whether the State criminalizes that same conduct. As Petitioner correctly notes, the statutory authority for the Rules of Prohibited Conduct at Rule 33-601.314 § 1-15 comes from Florida Statutes § 944.09. ECF Doc. 1 at 24-25. Florida Statutes § 944.09, provides as follow:

> (1) The department has authority to adopt rules pursuant to ss. 120.536(1) and 120.54 to implement its statutory authority. The rules must include rules relating to:
>
> (a) The rights of inmates.
> (b) The conduct to be observed by inmates and the categories of violations according to degrees or levels of severity, as well as the degrees of punishment applicable and appropriate to such violations.
> (c) Disciplinary procedures and punishment.
> (d) Grievance procedures which shall conform to 42 U.S.C. s. 1997e.
> (e) The operation and management of the correctional institution or facility and its personnel and functions.
> ****
> (h) Gain-time for good conduct of, release payments to, and release transportation of inmates.

Fla. Stat. § 944.09.

The FDOC's Rule against attempted battery of a correctional officer falls squarely within the FDOC's authority to promulgate rules relating to "the conduct" of inmates, "the categories of violation," and the "degrees of punishment applicable and appropriate to such violations." *Id.* Thus, regardless of the Court's decision in *Merritt,* the FDOC had the authority to issue a DR against Petitioner for attempting to bite Sergeants Pugh and Unruh.

    **B.**    **Ground Two: Denial of Due Process During State Proceeding on Writ of Mandamus**

In ground two, Petitioner argues he was denied due process because the Respondent did not address the merits of the state petition in the proceedings below. ECF Doc .11 at 2. Reading Petitioner's petition liberally, the Court presumes this

argument is based on state court error in dismissing the petition for lack of jurisdiction. Petitioner's arguments are misplaced.

First, Petitioner is not entitled to mandamus relief simply because the Respondent did not address the merits of Petitioner's argument. Respondent was free to seek dismissal of the petition based on jurisdictional grounds. The fact that Respondent chose to argue lack of jurisdiction does not in any way validate Petitioner's claims on the merits. In other words, Respondent's decision not to address the merits of the petition but, instead, to point out its procedural deficiency, cannot be construed as any sort of admission by the Respondent that it either did not have authority to promulgate Rule 33-601.314 § 1-15 or to issue the DR to Petitioner.

Second, Petitioner has not shown that the state court erred in dismissing the petition for lack of jurisdiction. Indeed, the Petitioner does not raise any arguments or authority contrary to the state court's decision, nor could he. The state did not err in dismissing the petition for lack of jurisdiction. As the Respondent points out, Florida Statute § 86.021, states, in pertinent part, that "[a]ny person claiming to be interested or who may be in doubt of his or her rights under … any regulation made under statutory authority … may have determined any question of construction or validity arising under such … regulation … and obtain a declaration of rights, status, or other equitable or legal relations thereunder." Fla. Stat. § 86.021; ECF Doc. 9 at 8-9. Petitioner, however, did not file a declaratory judgment action. Instead, he filed

a mandamus petition. And, the state court had no authority to convert the petition into a declaratory judgment action. *See White v. McNeil*, 989 So. 2d 727 (1st Fla. Dist. Ct. App. 2008) (declining to convert mandamus petition filed by an inmate challenging the validity of an FDOC administrative rule to a declaratory judgment action because "such a claim must be properly pleaded and the defendant or defendants served in accordance with the Florida Rules of Civil Procedure").

Third, even if the state court erred in dismissing the petition for lack of jurisdiction (which it did not), Petitioner is not entitled to relief because he has not been prejudiced by the court's failure to consider the merits of his claim. Generally, to succeed on a claim that his right to due process was violated, a petitioner must show not only that "the alleged errors occurred, but also that he was prejudiced by the errors." *Reyna v. Sec'y, Fla. Dep't of Corr.*, 2014 WL 4542965, at *8 (M.D. Fla. Sept. 11, 2014) (citing *United States v. Neri–Trejo,* 27 F. App'x 829, 830 (9th Cir. 2001) ("In order to succeed on a claim that his right to due process was violated, Neri–Trejo must show not only that the alleged errors occurred, but also that he was prejudiced by the errors."); *Smith v. United States Parole Commission,* 875 F.2d 1361, 1368 (9th Cir.1988) (stating, in context of habeas proceeding, that the party claiming error in a parole revocation hearing must demonstrate prejudice).

Petitioner, however, has not been prejudiced by any error in the state court's failure to consider the state petition on the merits because even if the court had done

so, as discussed above, the petition would nonetheless have been denied. Petitioner's claim that there is no recognizable offense for which he could have been found guilty of in the DR is simply without merit.

## III. CONCLUSION

### A. An Evidentiary Hearing Is Not Warranted

The undersigned also finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, the issues involved do not turn on any contested factual issue. Therefore, an evidentiary hearing would not assist in entitling him to relief and is not warranted.

### B. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition under 28 U.S.C. § 2254, ECF Doc. 1, be DENIED without an evidentiary hearing.

2. That a certificate of appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 7th day of May, 2021.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.